NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 10 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEO EDWARD McCALIP, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TED CONFERENCES, LLC; SAPLING FOUNDATION, <br><br> Defendants-Appellees. | No. 16-55510 <br><br> D.C. No. 2:15-cv-01121-AB-GJS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Geo Edward McCalip appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various federal and state law

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Hebbe v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed McCalip's 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1 claims because McCalip failed to allege facts sufficient to show that defendants acted under the color of state law. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (elements of § 1983 action); *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) ("Merely complaining to the police does not convert a private party into a state actor." (citation and internal quotation marks omitted)); *Jones v. Kmart Corp.*, 949 P.2d 941, 943-44 (Cal. 1998) (private individual cannot be liable under § 52.1 for alleged direct violation of federal constitutional right).

The district court properly dismissed McCalip's Cal. Civ. Code § 3294 claim because McCalip did not allege facts demonstrating malice, oppression, or fraud. *See* Cal. Civ. Code § 3294 (requirements for punitive damages under California law).

We reject as unsupported by the record McCalip's contentions regarding defendants misleading the district court.

We do not consider evidence, allegations, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009);

16-55510

*Lowry v. Barnhart*, 329 F.3d 1019, 1025 (9th Cir. 2003) ("The appellate process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments."); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").  To the extent McCalip requests in his opening brief that we vacate and remand so that he may introduce allegations and evidence related to contracts between defendants and the City of Long Beach that were in McCalip's possession, but not introduced, during the underlying proceedings, we deny the request.

**AFFIRMED.**